IN THE U.S. DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| GENERAL CASUALTY COMPANY OF WISCONSIN, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| vs. | ) ) ) | |
| U.S. STONE INDUSTRIES, LLC, YARDSCAPES, INC. and EARTHSTONE ENVIRONMENTS, INC., | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF GENERAL CASUALTY COMPANY OF WISCONSIN'S COMPLAINT FOR DECLARATORY JUDGMENT AGAINST DEFENDANTS U.S. STONE INDUSTRIES, LLC, YARDSCAPES, INC., AND EARTHSTONE ENVIRONMENTS, INC.**

Plaintiff General Casualty Company of Wisconsin (General Casualty), by and through the undersigned counsel, and for its Complaint for Declaratory Judgment against Defendants, U.S. Stone Industries, LLC, Yardscapes, Inc. and Earthstone Environments, Inc., under 28 U.S.C. Sections 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, states:

**I.  NATURE OF ACTION AND RELIEF SOUGHT**

1. This is an action for declaratory relief under 28 U.S.C. Sections 2201 and 2202 for purposes of determining the party's rights and obligations, if any, under a policy of insurance.

2. General Casualty seeks a declaration that it has no duty to indemnify U.S. Stone Industries, LLC (U.S. Stone) against any judgment that may be entered in the action *Yardscapes, Inc. and Earthstone Environments, Inc., Plaintiff, v. U.S. Stone Industries, LLC, Defendant,* filed in the District Court of Hennepin County, Minnesota, bearing case number 27CV-16-18360 (the Underlying Litigation).

3. Plaintiff General Casualty has and continues to defend U.S. Stone against the allegations in the Underlying Litigation.

4. An actual and immediate controversy exists among the parties as to whether insurance coverage is afforded under the policies issued by General Casualty to U.S. Stone for the claims asserted by Yardscapes, Inc. and Earthstone Environments, Inc. (collectively, "Yardscapes") for the damages sought in the underlying complaint.

## II. THE PARTIES

5. Plaintiff General Casualty is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in New York, New York. General Casualty is engaged in the business of writing contracts of liability insurance and is licensed to conduct insurance business in the State of Kansas.

6. Defendant U.S. Stone is a Kansas limited liability company with its principal place of business in Prairie Village, Kansas.

7. BBB Incorporated is a member of U.S. Stone LLC and is Kansas corporation with its principal place of business in Manhattan, Kansas.

8. Sagar Investments, LLC is a member of U.S. Stone LLC and is a Kansas limited liability company with its principal place of business in Mission Hills, Kansas.

9. W. Kent Barnow is a member of U.S. Stone and is resident of Shawnee County, Kansas.

10. Upon information and belief, all members of U.S. Stone are Kansas residents.

11. Defendant Yardscapes is a Minnesota corporation with its principal place of business at 8609 Harriet Avenue South, Bloomington, Minnesota.

12. Defendant Earthstone is a Minnesota corporation with its principal place of business at 8609 Harriet Avenue South, Bloomington, Minnesota.

### III.   JURISDICTION AND VENUE

13. There is diversity of citizenship between the parties in this action, and this Court has jurisdiction under 28 U.S.C. Section 1332 as the amount in controversy exceeds $75,000. 32.

14. Upon information and belief, the allegedly defective stone was purchased by the Yardscapes Defendants from U.S. Stone were made either verbal through telephone contact to U.S. Stone or through its interactive website operated from Shawnee County, Kansas.

15. Upon information and belief, the sale of the stone was consummated in Shawnee County, Kansas and the Yardscapes Defendants have repeatedly availed themselves of Kansas law by conducting business in Shawnee County, Kansas.

16. Upon information and belief, the products sold to the Yardscapes Defendants was sold FOB with Yardscapes Defendants taking title to the stone at a location in Shawnee County, Kansas.

### IV.   GENERAL ALLEGATIONS

#### A.   THE POLICIES

17. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008.  A true and correct copy of that policy is attached hereto as Exhibit 1.

18. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2008 to 2/05/2009.  A true and correct copy of that policy is attached hereto as Exhibit 2.

19. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2009 to 2/05/2010.  A true and correct copy of that policy is attached hereto as Exhibit 3.

20. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2010 to 2/05/2011. A true and correct copy of that policy is attached hereto as Exhibit 4.

21. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2011 to 2/05/2012. A true and correct copy of that policy is attached hereto as Exhibit 5.

22. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2012 to 2/05/2013. A true and correct copy of that policy is attached hereto as Exhibit 6.

23. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2013 to 2/05/2014. A true and correct copy of that policy is attached hereto as Exhibit 7.

24. General Casualty Company of Wisconsin issued policy CCI05222598 to U.S. Stone Industries, LLC/U.S. Stone Investments, Inc. for the policy period 2/06/2007 to 2/06/2008. That policy was renewed for the policy period of 2/06/2014 to 2/05/2015. A true and correct copy of that policy is attached hereto as Exhibit 8.

**B.     THE UNDERLYING LITIGATION**

25.     Defendants were initially sued by Ronald J. Smith DKA Living Trust and Ronald J. Smith Living Trust (collectively "Smith Plaintiffs") in an action filed on January 6, 2017, in Hennepin County District Court bearing Cause No. 27 CV-17-243.  A true and correct copy of that Summons and Complaint is attached hereto as Exhibit 9 (the Ronald Smith suit).

26.     The underlying Smith Plaintiffs alleged that in 2011, they contracted with Yardscapes and Earthstone to provide landscaping services at their residence in Minnestrista, Minnesota.  Exhibit 9, paragraph 9.

27.     Part of the work to be performed was the installation of a retaining wall built from stone that Yardscapes and Earthstone contracted with U.S. Stone to provide. Exhibit 9, paragraphs 12-13.

28.     The underlying Smith Plaintiffs allege that the stone sold by U.S. Stone was not appropriate for the construction of retaining walls in Minnesota and that the stone began to flake, shale, and slough within months of installation.  Exhibit 9, paragraphs 16-18.

29.     The underlying Smith Plaintiffs allege that U.S. Stone negligently and intentionally misrepresented the quality of stone provided for installation at the Smith property.  Exhibit 9, Count III.

30. The underlying Smith Plaintiffs also allege that U.S. Stone breached an express warranty as to the quality of its stone. Exhibit 9, Count IV.

31. The underlying Smith Plaintiffs also allege that U.S. Stone breached the implied warranty of merchantability under Minnesota statute § 336.2-314(2)(a), (c). Exhibit 9, Count V.

32. The underlying Smith Plaintiffs also allege that U.S. Stone breached the implied warranty of fitness for a particular purpose under Minnesota statute § 336.2-318 in that U.S. Stone knew at the time of contracting that the stone was inappropriate for installation in a residential retaining wall.

33. Defendants Yardscapes then filed suit against Defendant U.S. Stone in Hennepin County District Court bearing Cause No. 27 CV-16-18360 (the Yardscapes Action). A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 10.

34. In this second suit, Defendants Yardscapes and Earthstone alleged that at various times pursuant to various purchase orders, they purchased stone from U.S. Stone for use in landscaping projects.

35. Defendants Yardscapes and Earthstone alleged that U.S. Stone breached an express warranty as to the quality of its product. See Exhibit 10, Count II.

7

36. Defendants Yardscapes and Earthstone further alleged that Defendant U.S. Stone breached its implied warranty of merchantability and the implied warranty of fitness for a particular purpose. See Exhibit 10, Counts III and IV.

37. Defendants Yardscapes and Earthstones alleged that their customers demanded that they replace the stone provided by U.S. Stone. Exhibit 10, paragraph 7.

38. Defendants Yardscapes and Earthstone also alleged that they incurred, or will incur, the cost of obtaining non-defective replacement stone and the additional cost of removing and replacing the defective stone. Exhibit 10, paragraph 8.

39. Defendants Yardscapes have sought leave to file an Amended Complaint against U.S. Stone stating additional claims captioned as Negligence and Negligent and Intentional Misrepresentation. A true and correct copy of the Amended Complaint is attached hereto as Exhibit 11.

40. Defendants Yardscapes allege that they have incurred damages in connection with the necessary removal and replacement of the landscaping stone at the properties of Daniel McDonald, Thomas Hansen, and Ronald Smith, Yardscapes as a result of their need to replace, among other things, damaged irrigation systems, lighting, vegetation, sod, trees, and other landscaping. Ex. 11, para. 12.

41. On August 1, 2017, Ronald J. Smith DKA Living Trust and Ronald J. Smith Living Trust dismissed their causes of actions against all Defendants.

### C.    THE RESERVATIONS OF RIGHTS

42.    Defendant U.S. Stone tendered the Complaints from the underlying litigation to General Casualty and demanded that it defend and indemnify it against those claims.

43.    Because the Ronald Smith suit potentially stated a claim under the General Casualty defense, it undertook the defense of U.S. Stone under a reservation of rights.

44.    After being served with the Yardscapes Suit, Defendant U.S. Stone against tendered the claim to General Casualty and demanded that it defend and indemnify it against those claims.

45.    General Casualty issued a second reservation of rights letter to U.S. Stone on October 7, 2017.  A true and correct copy of reservation of rights letter is attached hereto as Exhibit 13.

46.    These policies issued to U.S. Stone by General Casualty provide commercial general liability coverage to U.S. Stone under the following insuring agreement:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

   **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which

> this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
>
> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
>
> **b.** This insurance applies to "bodily injury" and "property damage" only if:
>
> **(1)** The bodily injury or property damage is caused by an occurrence that takes place in the coverage territory; and
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period.

Ex. 1-8.

47. The policies issued to Defendant U.S. Stone define "occurrence" to mean "an accident, including a continuous or repeated exposure to substantially the same general harmful conditions."

Ex. 1-8.

48. The policies issued to U.S. Stone define "Property damage" to mean:

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be

    deemed to occur at the time of the physical injury that caused it; or

 **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the occurrence that takes place in the coverage territory; and

Ex. 1-8.

49. The policies do not provide coverage for any damages, loss or claim for:

 **k.** Damage To Your Product

  "Property damage" to "your product" arising out of it or any part of it.

***

 **m**. Damage To Impaired Property Or Property Not Physically Injured

  "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

  **(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

  This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

Ex. 1-8.

50. The policies issued to U.S. Stone also exclude any damages for the repair, replacement, or removal of the insured's product under the following exclusion:

This insurance does not apply to:

    **n.**    Recall Of Products, Work Or Impaired Property

        Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

        **(1)**    Your product;

        **(2)**    Your work; or

        **(3)**    Impaired property; use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

51. To the extent that Defendants Yardscapes has stated a claim for negligence or misrepresentation as to the quality of Defendant U.S. Stone's product, those claims are outside the scope of the General Casualty policies coverage for injury arising out of advertising or representations of qualify of product:

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.**    **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking

12

>damages for "personal and advertising injury" to which this insurance does not apply.  We may, at our discretion, investigate any offense and settle and claim or "suit" that may result.  But:
>
>> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
>> **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
>No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
>
>> **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

52. The General Casualty policies specifically exclude any claims for damage arising out of representations made in advertising with regard to the quality and suitability of Defendant U.S. Stone's products:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> **g. Quality Or Performance Of Goods – Failure To Conform To Statements**
>
> "Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

13

**GROUNDS I FOR DECLARATORY JUDGMENT**

53. The underlying claims do not state a claim for "property damage" arising out of an "occurrence."

54. The policies do not provide coverage for any defects in the products sold or distributed by Defendant U.S. Stone.

55. The policies do not provide coverage for the damages that the Yardscapes Defendants may have incurred to repair or replace the defective product of Defendant U.S. Stone.

56. The policies do not provide coverage for the damages that the Yardscapes Defendants may have sustained as a result of any negligence or intentional acts of Defendant U.S. Stone in its advertising or other representations as to the nature and quality of the stone at issue.

57. Under 28 U.S.C. §§ 2201 and 2202, General Casualty seeks a judicial determination that it has no duty to provide coverage to Defendants for any damages claimed in the Underlying Litigation.

WHEREFORE, Plaintiff General Casualty Company of Wisconsin requests that this Court enter judgment in its favor and against all Defendants and declare as follows:

(a) the policies issued by General Casualty Company of Wisconsin to Defendant U.S. Stone Industries, LLC do not provide coverage for the underlying claims;

(b) that General Casualty Company of Wisconsin has no duty to indemnify Defendant U.S. Stone for any judgment rendered in the Underlying Action;

(c) that General Casualty Company of Wisconsin's duty to defend Defendant U.S. Stone ends upon the entry of a judgment for damages solely outside the coverage of the policies issued to U.S. Stone;

(c) that General Casualty Company of Wisconsin is entitled to its costs, including attorney's fees; and

(d) that General Casualty Company of Wisconsin is entitled to any further relief this Court deems just and proper under the circumstances.

JURY TRIAL DEMANDED.

                                          BROWN & JAMES, P.C.

                                          By:   *s/Derek H. MacKay*
                                          Derek H. MacKay, Esq.  KS #23213
                                          2345 Grand Boulevard, Ste. 2100
                                          Kansas City, MO 64108
                                          (816) 472-0800 (Telephone)
                                          (816) 421-1183 (Facsimile)
                                          *dmackay@bjpc.com*
                                          ATTORNEY FOR PLAINTIFF GENERAL CASUALTY COMPANY OF WISCONSIN

#14034731